HARRY WEISS, Respondent, *v.* CLARENCE J. HOUSMAN and Others, Appellants.

Third Department, January 10, 1923.

Sales — action to recover value of bonds undelivered and value of interest coupons — contract was for sale of bonds on deposit in German bank to be held subject to order of buyer — German bank wrote sellers that it would hold bonds "kept in deposit on your behalf at the disposal of" buyer — delivery was complete when sellers gave buyer bank's receipt — German bank was thereafter agent of buyer — sellers not responsible for unlawful seizure of bonds by Germany nor for coupons cut by bank.

Bonds sold under an agreement that they were to be deposited in a German bank which would hold them subject to the order of the buyer and under his sole control were delivered to and became the property of the buyer, when the sellers gave him a letter of acknowledgment from the German bank stating that it would hold the bonds "kept in deposit on your behalf at the disposal of" the buyer, and thereafter the German bank became the agent or bailee of the buyer who at any time could have procured the bonds, and at no time thereafter were the bonds subject to the order or control of, nor were they the property of the sellers.

Accordingly, the sellers are not liable for a part of the bonds which were seized under some process of a court in Germany issued against the sellers nor did any liability attach to them because of their acts in securing possession of a part of the bonds for the buyer and in making an offer of settlement of the dispute between the buyer and themselves.

Furthermore, the sellers are not liable for the value of interest coupons cut from the bonds by the German bank after delivery to the buyer.

HINMAN and HASBROUCK, JJ., dissent, with opinion.

APPEAL by the defendants, Clarence J. Housman and others, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Rensselaer on the 1st day of March, 1922, upon the verdict of a jury rendered by direction of the court.

*Feiner & Maass* [*Benjamin F. Feiner* and *Ira Skutch* of counsel], for the appellants.

*Frederick C. Filley* [*Calvin S. McChesney* of counsel], for the respondent.

VAN KIRK, J.:

The plaintiff was formerly a subject of Austria, but is now a naturalized citizen of this country. He applied to the defendants to purchase from them certain Japanese bonds. The defendants owned Japanese bonds which were on deposit with the Dresdner Bank of Berlin, Germany, which bonds the defendants could sell at a lower price on account of the war conditions and exchange,

but could not physically deliver. The terms of sale were agreed upon; the plaintiff gave to the defendants his check for $7,450.08, and they gave to him a receipt as follows:             " *May,* 1916.

" Received from Mr. Harry Weiss, 90 Congress Street, Troy, N. Y., $7,450.08, in payment for £2000 4½ Japanese Bonds Second Series German-stamped (73⅛ net and accrued interest) the bonds to be deposited at the Dresdner Bank, Berlin, which institution will hold said bonds, free of charge, subject to the order of Mr. Weiss, and thus under his sole control. We further agree to furnish a receipt of the Dresdner Bank, setting forth the above, within a reasonable time.             (Signed) A. M. HOUSMAN."

The plaintiff accepted this receipt, stating the terms of the contract, and had no further communication with the defendants until November 6, 1916, when he wrote inquiring why he had not received notice from the Dresdner Bank. On November eighth the defendants replied that plaintiff's instructions were carried out by defendants and that they had received a wireless advice of the purchase from the Dresdner Bank; and on November 10, 1916, defendants wrote another letter to plaintiff informing him that they had received communication from the Dresdner Bank which acknowledged receipt of defendants' instructions and confirmed that they are holding for plaintiff £2,000 four and one-half per cent Japanese bonds; also inclosing to plaintiff a copy of the receipt or acknowledgment which the defendants had from the Dresdner Bank, as follows:             " BERLIN, *October* 6, 1916.

" Messrs. A. A. HOUSMAN & Co., New York:

" DEAR SIRS.— In reply to your letter of May 10th which reached us via Amsterdam (copy) we shall hold the £2000—/— 4½% Japanese Bonds kept in deposit on your behalf at the disposal of Mr. Harry Weiss, 90 Congress Street, Troy, N. Y."

This seems to have been entirely satisfactory to the plaintiff; he never demanded the original receipt. Not until September, 1918, substantially two years later (at which time Germany's acknowledgment of defeat was generally anticipated), did he make any further demands from the defendants. The defendants had fully carried out the contract of purchase and sale which they had made with the plaintiff. There was nothing further which the defendants had contracted to do. Their direction to their correspondent, the Dresdner Bank, the acknowledgment by the bank accepting the order or direction, and its compliance therewith by placing these bonds subject to the order of the plaintiff, was a delivery of the bonds to the plaintiff in accordance with the agreement and plain-

tiff so accepted it. The bonds thereupon became the property of the plaintiff. Thereafter the Dresdner Bank was not, as to these bonds, the agent or bailee of the defendants, but was the agent and bailee of plaintiff, who, at any time, could procure these bonds; at no time thereafter were the bonds subject to the order or control of, nor were they the property of, the defendants.

Reference is made to the receipt above quoted, dated October 6, 1916, which the defendants had from the Dresdner Bank, as indicating that the delivery was not complete and that the bonds would continue in deposit on defendants' behalf. The particular expression is, " We shall hold the £2000 4½% Japanese bonds kept in deposit on your behalf at the disposal of Mr. Harry Weiss." The words " kept in deposit on your behalf " do not express the intent to keep them in deposit on behalf of the defendants; these words are merely descriptive of the Japanese bonds which the Dresdner Bank will hold at the disposal of Mr. Harry Weiss, and means the same as if the words had been used, " heretofore kept in deposit on your behalf."

Some later occurrences are urged by appellants. They say that, at some time during the war and in the year 1918, some process of a court in Germany was issued against these defendants, and twenty-one of these bonds were seized and sold, whereby they suffered. But this seizure was wrongful; it was a seizure for which these defendants were in no wise responsible and which they could not have avoided. Also appellants say that subsequently the defendants assisted the plaintiff to secure possession of his bonds and finally he did procure seventy-nine of them; and that the defendants offered to make some settlement of the dispute between the plaintiff and themselves, which settlement was never completed. But neither of these voluntary acts cast a liability upon defendants.

The court directed a verdict for the value of these twenty-one bonds, with interest. It also appears that certain coupons on the seventy-nine bonds, which matured after May, 1916, were cut therefrom by the Dresdner Bank. This was done without any authority from the defendants, without their knowledge, and whether or not the Dresdner Bank, as plaintiff's bailee of these bonds, was justified in cutting off and collecting upon the coupons, no responsibility therefor, we think, rested upon these defendants. The court, however, has directed a verdict in favor of the plaintiff for the value of these coupons, with interest.

At the end of the evidence defendants moved for the direction of a verdict in their favor. This motion the court denied, but directed a verdict in favor of plaintiff. We think the defendants' motion should have been granted.

The judgment should, therefore, be reversed, with costs to the appellants, and judgment had in favor of the defendants, with costs in the trial court.

H. T. KELLOGG, Acting P. J., and KILEY, J., concur; HINMAN, J., dissents, with an opinion in which HASBROUCK, J., concurs.

HINMAN, J. (dissenting):

I am not in accord with the result reached by Mr. Justice VAN KIRK. The terms of the sale were set forth in a receipt as follows:

"*May* 1916.

" Received from Mr. Harry Weiss, 90 Congress St., Troy, N. Y., $7,450.08, in payment for £2000 4½ Japanese bonds Second series German-stamped (73⅛ net and accrued interest). The bonds to be deposited at the Dresdner Bank, Berlin, which institution will hold said bonds, free of charge, subject to the order of Mr. Weiss, and thus under his sole control. We further agree to furnish receipt of the Dresdner Bank, setting forth the above, within a reasonable time."

I think the only fair interpretation of that receipt was that there should be an unconditional acknowledgment from the Dresdner Bank to the plaintiff that it had received and was holding the bonds for him as his custodian.

It is the fair assumption that the parties intended that that should be done which the law of this State requires with reference to the manner of delivery where the goods sold are in the possession of a third person. Section 124, subdivision 3, of the Personal Property Law* provides: " Where the goods at the time of sale are in the possession of a third person, the seller has not fulfilled his obligation to deliver to the buyer unless and until such third person acknowledges to the buyer that he holds the goods on the buyer's behalf." In the absence of clear language indicating the contrary, I believe we should hold that these parties, who were business men and presumably familiar with the law of such transactions, intended to express what the law requires in such a case. Reading section 124, subdivision 3, in conjunction with sections 99 and 100, rule 5, of the Personal Property Law,* title would not pass to the plaintiff under the contract here until the Dresdner Bank acknowledged to the plaintiff that it held the goods on the plaintiff's behalf. The plaintiff never received a receipt from the Dresdner Bank. The receipt sent to Housman did not fulfill the contract between Housman and Weiss because it was not an acknowledgment to the buyer and because it was ambiguous. It was not an unconditional

---

* Added by Laws of 1911, chap. 571.— [REP.

acknowledgment that the Dresdner Bank was holding the bonds for the plaintiff as his custodian, which I think was the clear intention of the parties. It was this very ambiguity which later led the Dresdner Bank to assume that it was keeping the bonds on deposit for Housman and which led to the attachment of twenty-one of the bonds. It was the clear intention of the parties that title should not pass and that the risk of loss should not rest with Weiss until he had the acknowledgment from the Dresdner Bank that it was holding the goods for him. If at the time of the agreement for sale it had been suggested that title and risk rested with Weiss before such acknowledgment from the Dresdner Bank had been made to him, both parties would undoubtedly have declared that such was not the agreement or the intent. That is the test. (*Genet* v. *D. & H. C. Co.*, 136 N. Y. 593, 609.)

I agree with the court below that the defendants were liable for the acts of the Dresdner Bank as their agents in improperly disposing of twenty-one of the bonds and in improperly disposing of the coupons of other bonds for the reason that there was no proper delivery of the bonds to the plaintiff as agreed. I disagree, however, with the court below as to the measure of damages. Section 148 of the Personal Property Law* provides: " 1. Where the property in the goods has not passed to the buyer, and the seller wrongfully neglects or refuses to deliver the goods, the buyer may maintain an action against the seller for damages for nondelivery. 2. The measure of damages is the loss directly and naturally resulting in the ordinary course of events from the seller's breach of contract." If the contract is rescinded the purchase price can be recovered, but here the plaintiff stood upon the contract and he is, therefore, entitled to recover only the loss directly and naturally resulting in the ordinary course of events from the breach. The Personal Property Law does not change the old rule of damage in such a case. The old rule as set forth in Sutherland on Damages (Vol. 2, § 656) is as follows: " The measure of damages is the same whether the purchase money has been paid or not. The consideration of a contract does not measure the damages for the breach of it. If the property is worth less than the price and the contract has been rescinded the buyer may sue to recover the consideration, which will then measure his damages; but so long as he stands on the contract, as by suing for its breach, he must be content if the law places him in the position he would have occupied if the contract had been performed. This it does by permitting the recovery of the market value of the property at the time and place when and

* Added by Laws of 1911, chap. 571.— [REP.

where it should have been delivered." The time when these goods should have been delivered to the plaintiff was at the time when the agent of the defendants, namely, the Dresdner Bank, was directed to acknowledge to the plaintiff that it was holding the bonds for the plaintiff. The place was at Berlin, Germany. That was the time and place when and where these goods should have been delivered in accordance with the contract but which failed because of the failure of duty of the defendant's own agent, the Dresdner Bank. The measure of damages then is the value of these twenty-one bonds at that time and place plus the value at that time and place of the coupons supposed to be attached to the other bonds.

I vote for a reversal of the judgment but favor a new trial for the purpose of fixing the damage upon a proper basis.

HASBROUCK, J., concurs.

Judgment reversed on the law and facts, with costs to the appellants, and judgment directed in favor of the defendants, with costs in the trial court.